**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SONIA MICHELLE SALERMO and EZZIO BUSTAMANTE,<br><br>Plaintiffs,<br><br>v.<br><br>MAZDA MOTOR OF AMERICA, INC.,<br><br>Defendant. | Case No. 2:25-cv-12606 (CCC) (SDA)<br><br>**WHEREAS OPINION AND ORDER**<br><br>May 11, 2026 |

**STACEY D. ADAMS**, United States Magistrate Judge.

**THIS MATTER** having come before this Court by way of the Motion for Leave to File an Amended Complaint (the "Motion") filed by Plaintiffs Sonia Michelle Salermo and Ezzio Bustamante (together "Plaintiffs") (ECF No. 12); and Defendant Mazda Motor of America, Inc. ("Defendant") having opposed the Motion (ECF No. 13); and Plaintiffs having filed a reply (ECF No. 14).

**WHEREAS,** Plaintiffs, proceeding *pro se*, filed their initial Complaint in Union County Superior Court on May 14, 2025. (ECF No. 1-2). Defendant removed this case to federal court on July 2, 2025 (ECF No. 1) and subsequently filed a Motion to Dismiss (ECF No. 4).

**WHEREAS,** on August 1, 2025, Plaintiffs filed an opposition to Defendant's Motion to Dismiss (ECF No. 6) and filed an Amended Complaint without leave (ECF No. 7). The Court struck the Amended Complaint and advised Plaintiffs that, since they were beyond the time frame for permissive leave under Fed. R. Civ. P. 15(a), if they wanted to file an amended complaint they must do so in accordance with Fed. R. Civ. P. 15(a)(2) and the undersigned's judicial preferences, which necessitated the filing of a motion to amend absent Defendant's consent. (ECF No. 8).

1

**WHEREAS,** on February 26, 2026, the Honorable Claire C. Cecchi, U.S.D.J. administratively terminated Defendant's Motion to Dismiss because Plaintiffs' opposition mainly addressed the purported timeliness of their stricken amended complaint. (ECF No. 9). The Court ordered Plaintiffs to seek leave to amend their complaint by March 19, 2026 if they still wished to do so, or to file a more thorough opposition to the Motion to Dismiss. (*Id.*).

**WHEREAS,** Plaintiffs filed the instant Motion to Amend on March 17, 2026. (ECF No. 10). The Court then directed Plaintiffs to refile their motion papers with a wet-ink signature as required by Local Rule 5.2(12). (ECF No. 11). Plaintiffs filed the properly signed motion on March 23, 2026. (ECF No. 12).

**WHEREAS,** Plaintiffs seek leave to file an Amended Complaint to clarify "factual allegations, Defendant's conduct, Plaintiffs' damages, and the legal bases for Plaintiffs' claims." (ECF No. 12 at ECF-designated p. 1). The proposed Amended Complaint does not add any additional parties, but adds one additional cause of action for violation of the Magnuson-Moss Warranty Act. (ECF No. 12-1). It also seeks to include various new factual bases and legal citations for the existing claims. (*Id.*).

**WHEREAS,** motions to amend that are filed before the entry of a pretrial scheduling order are governed by Fed. R. Civ. P. 15(a)(2), which requires the Court to "freely give leave when justice so requires." The Third Circuit Court of Appeals:

> ha[s] consistently adopted a liberal approach to the allowance of amendments. Even when a party is late in moving for leave to amend, we have expressed a preference for allowance of the amendment, so long as the opposing party is not prejudiced by the delay.

*DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020). Although a determination as to whether to grant or deny leave to file an amended complaint is discretionary, *see Dooley v.*

*Wetzel*, 957 F.3d 366, 376 (3d Cir. 2020), such leave may be denied only if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Cresci v. City of Bayonne*, No. 23-cv-1342, 2024 WL 94099, at \*2 (3d Cir. Jan. 9, 2024) (citing factors as set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (internal quotation marks omitted). The *Foman* factors "are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff." *Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017) (citations omitted). However, the most important factor is prejudice to the non-movant. *See id.* at 150.

**WHEREAS,** Defendant's primary basis for opposing the Motion is on the grounds of futility and undue delay. (ECF No. 13-3). The majority of Defendant's futility arguments are not focused on Plaintiffs' proposed amendments but, rather, on the substantive merits of Plaintiffs' underlying claims. (*Id.*). It is improper for Defendant to attack the merits of claims asserted in the operative complaint under the guise of opposing a motion to amend on futility grounds. *Danise v. Saxon Mortg. Servs., Inc.*, No. 15-cv-6062 (JLL) (JAD), 2016 WL 4769733, at \*8 (D.N.J. Sept. 12, 2016) (noting that the Court must only consider whether the "amendment itself is futile, not the claims in the original Complaint," and that "[a]ny allegations included in [the] original complaint are not reviewable in the context" of a motion to amend (emphasis in original)). Defendant's opposition only briefly addresses the futility of the new cause of action presented in Plaintiffs' proposed amended complaint for the Magnuson-Moss Warranty Act. (ECF No. 13-3 pp. 13-14). The remainder of Defendant's futility arguments focus on the substantive merits of the claims in the original complaint, and are therefore improper in the context of this motion to amend.

**WHEREAS,** an amendment is futile if it "is frivolous or advances a claim or defense that

3

is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468-69 (D.N.J. 1990). To determine whether a proposed amendment is futile, courts "appl[y] the same standard of legal sufficiency as applies under Rule 12(b)(6)," meaning a court accepts the allegations "as true, and view[s] them in the light most favorable to plaintiff." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1420, 1434 (3d Cir. 1997). The futility of an amendment may only serve as a basis for denial of leave to amend where "the proposed amendment is frivolous or advances a claim . . . that is legally insufficient on its face." *Harrison*, 133 F.R.D. at 468 (internal quotation marks and citation omitted). However, it is well-settled law that futility arguments are dispositive arguments that are better suited for consideration in a motion to dismiss. *See Colombo v. Bd. of Educ.*, No. 11-cv-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) (holding that "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss"); *Falco v. Zimmer*, No. 13-cv-1648, 2014 WL 12910938, at *2 (D.N.J. June 10, 2014) (holding that because proposed amended claims were not so clearly futile as to deny leave to amend, "such arguments are more appropriately assessed on a dispositive motion"); *Curcio v. Collingswood Bd. of Educ.*, No. 04-cv-5100, 2005 WL 8174855, at *2 (D.N.J. Nov. 22, 2005) (finding it would be inappropriate to reject a proposed amended complaint on grounds of futility, because "the issue may be brought by way of dispositive motion").

**WHEREAS,** based on the foregoing, the Court declines to address Defendant's dispositive arguments in the context of a motion to amend. Instead, Defendant may raise these arguments in a motion to dismiss following the filing of Plaintiffs' Amended Complaint. *See James v. Superior Ct. of N.J.*, No. 21-cv-16769, 2022 WL 4449382, at *2 (D.N.J. Sept. 22, 2022); *S.M.*

4

*v. Freehold Reg'l High Sch. Dist. Bd. Of Educ.*, No. 22-cv-107, 2022 WL 4226354, at \*3 (D.N.J. Sept. 13, 2022); *Travelers Cas. & Sur. Co. v. Becton Dickinson & Co.*, No. 14-cv-4410, 2017 WL 349376, at \*2 (D.N.J. Jan. 24, 2017).

**WHEREAS,** the Court further finds no undue delay, bad faith, or undue prejudice in light of the procedural history of this litigation, as set forth above. The Court does not find that Plaintiffs unduly delayed seeking amendment of the Complaint. Although Defendant contends that Plaintiffs acted with undue delay by waiting six months after their amended complaint was stricken to file the instant motion, the Court is not persuaded. Defendant relies on two cases to argue that six months is an inexcusable delay. *Pfizer Inc. v. Sandoz Inc.*, No. 12-cv-654 (GMS) (MPT), 2013 WL 5934635, at \*1 (D. Del. Nov. 4, 2013) and *L&M Healthcare Commc'ns LLC v. Pantano*, No. 22-cv-481 (JKS) (AME), 2023 WL 9604290, at \*1 (D.N.J. Dec. 29, 2023), *report and recommendation adopted,* No. 22-cv-481 (JKS) (AME), 2024 WL 3219217 (D.N.J. June 28, 2024). However, these cases are distinguishable from the circumstances currently before the Court. In both of those cases, the parties sought leave to amend after the deadline to amend had passed. In the instant matter, no initial pretrial scheduling conference has occurred and no deadline to amend has been set. Further, at the time the Court struck Plaintiffs' originally-filed amended complaint (ECF No. 8), a motion to dismiss was pending (ECF No. 4). Plaintiffs are *pro se* and might have been under the impression that they had to await a decision on the pending motion before filing a formal motion to amend; indeed, their opposition papers suggest as much. (ECF No. 6). It was not until Judge Cecchi issued her clarifying Order on February 26, 2026, explaining that Plaintiffs either needed to substantively oppose the motion to dismiss or file a formal motion for leave to amend, that Plaintiffs filed their motion to amend. (ECF Nos. 9 and 10). They did so within the time frame set by Judge Cecchi. (*Id.*). Thus, there was no undue delay. Moreover, "delay

alone 'is an insufficient ground to deny leave to amend.'" *Ezaki Glico Kabushiki Kaisha v. Lotte Int'l Am. Corp.*, No. 15-cv-5477 (MCA) (LDW), 2017 WL 4404567, at *2 (D.N.J. Oct. 4, 2017) (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). There is no prejudice to Defendant here because discovery has not even commenced. Finally, the Court does not find that there is any indication of bad faith. Therefore, for the foregoing reasons, and for good cause shown:

**IT IS**, on this **11th** day of **May, 2026**, hereby **ORDERED** as follows:

1. Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 12) is **GRANTED**.

2. Plaintiffs shall file a clean copy of the Amended Complaint no later than **May 22, 2026**.

3. Defendant shall respond to the Amended Complaint within the time frame required by applicable Court Rules.

4. The Clerk is directed to terminate the Motion pending at ECF No. 12.

**SO ORDERED.**

_____/s Stacey D. Adams_____
**STACEY D. ADAMS, U.S.M.J.**

Orig:  Clerk
cc:    Parties
       Hon. Claire C. Cecchi, U.S.D.J.

6